[No. 16672.   Department One.   January 7, 1922.]

MOLLIE J. VAUT, *Respondent*, v. EMERY D. VAUT *et al.*, *Appellants.*[1]

GIFTS (8)—EVIDENCE—WEIGHT AND SUFFICIENCY. An oral gift of a life estate in land by a son to his parents is not established by evidence showing that he purchased, and put them in possession of, the land with the idea of furnishing them a home, where there is no satisfactory evidence that it was the son's intention to grant them the exclusive possession during their natural lives.

FRAUDS, STATUTE OF (59) — EVIDENCE — SUFFICIENCY. While an oral gift or agreement concerning an interest in real estate may be proved under certain circumstances, the agreement must be established by clear, convincing, unequivocal and definite testimony.

Appeal from a judgment of the superior court for King county, Brinker, J., entered March 7, 1921, upon findings in favor of the plaintiff, in an action for equitable relief, tried to the court. Reversed.

*Gates & Helsell,* for appellants.

*Byers & Byers,* for respondent.

BRIDGES, J.—By this action the plaintiff sought a decree of the court establishing in her the free, sole and undisturbed use and occupation, during her natural life, of a certain five-acre tract of land located in King county, Washington, and further sought to enjoin the defendants from trespassing upon, or in any wise interfering with or using, the land. After trial, the court made its findings and conclusions in favor of the plaintiff, and its judgment based thereon decreed that the plaintiff "have the free, sole and undisturbed use and occupancy of tract No. 4 of Kent Five-Acre Tracts, in King county, Washington, during the period of her natural life," and that "the defendants and each of

[1]Reported in 203 Pac. 377.

them be, and they are hereby restrained and enjoined from trespassing upon or in any wise interfering with said property during the term of the natural life of the plaintiff.'' From this judgment, the defendants have appealed.

The important facts are as follows: The respondent is the mother of the appellant Emery D. Vaut. In 1902, she and her husband were living on rented land near Seattle and were approaching old age, with very little money or property. The appellant Emery D. Vaut was unmarried and was either living in Alaska or intending shortly to go there to live. He purchased the tract of land in question for $1,250, paying down a small sum and agreeing to pay the balance in twelve monthly payments. Within a few weeks after making the contract of purchase he married his coappellant, and all of the balance of the purchase price was paid out of community money. After the purchase of the property, the respondent and her husband moved onto the land and continued to reside there until the death of the husband in 1918, since which time she has continued to reside there. The appellants lived in Alaska from 1902 until 1918. In 1918 they removed to the state of Washington, and have since lived with the respondent on the five-acre tract.

Whatever rights respondent has in the land rest entirely in an oral gift or agreement. She testified as follows: ''We were to have it (the land) as our own as long as we lived and improved it. . . . Emery D. Vaut told me that—well, we were living at our daughter's at the time and my son he proposed that he buy this place for us, as we had no other place, only as we would rent and secure it in some other way. He proposed that we go on this place. He was buying it on the installment plan, and that we could improve it and it would be our home as long as we lived.'' The

son testified that he bought the place in part as an investment and as a home to which he might return from Alaska, and in part as a home for his parents; that he told them to go and live on the land. He denies that he gave them a life estate or any right to exclusive possession. He says that his sole idea was to furnish them a home. It is agreed by all parties that the respondent and her husband were to make only such improvements as they saw fit; they were under no obligation to make any definite amount or kind of improvements. They also agree that nothing was said about payment of taxes, and it was understood that the respondent and her husband were to have the land free of any rent. The respondent and her husband made some improvements during the 18 or 19 years they occupied the place; they enlarged the house, built a barn, did some clearing, dug a well and fixed up and improved the fences. When the parents moved on the premises most of the land had been cleared and had been in cultivation. The land, for the most part, was fertile, and furnished the respondent and her husband most of their living during all of the years they resided there. The total value of the improvements made by respondent and her husband was considerably less than the total rental value of the land during the period they occupied it. The respondent and her husband paid the taxes for something more than one-half of the years they lived on the place, and appellants paid the remainder of the taxes. After the death of respondent's husband in 1918, she wrote her son, who was still in Alaska, that she was unable to take care of the land and asked him to come and look after it. It was in compliance with this request that the appellants moved from Alaska to this land. The respondent is now about seventy-four years of age. She continues

to reside on the five-acre tract, but apparently domestic matters are not going smoothly, or, at least, to the satisfaction of the respondent. The appellants testified that they are perfectly willing that the respondent continue to live on the land during the remainder of her days.

It is our opinion that the judgment must be reversed. The respondent's testimony wholly fails to show that she and her husband were to have the exclusive possession of the land during their natural lives. Under her testimony, the most they were to have was a home on this land as long as they lived. This would not prohibit the appellants from also making their home on the same land. The judgment gives to the respondent the sole and exclusive possession of the land and drives the appellants therefrom.

But there is another reason why the judgment cannot be affirmed. The oral agreement sued upon is primarily in violation of the statute of frauds. While an oral gift of, or agreement concerning an interest in, real estate may be proved under certain circumstances, the courts universally hold that such agreement must be established by clear, convincing, unequivocal and definite testimony. *Sturgis v. McElroy,* 113 Wash. 192, 193 Pac. 719, and cases there cited. The testimony in this case falls far short of complying with that rule. The respondent was the only witness whose testimony tended to establish the original gift or contract. It is true, her daughter also testified, but her testimony is so very general in character as to be wholly without value in this regard. So that we have here the testimony of the aged mother to the effect that her son gave her the use of the property during her natural life, and the testimony of the son denying such contract.

There is nothing in the record to show that more credence should be given to the testimony of the mother than to that of the son. If equal credence be given to each, the one would outbalance the other, and without the assistance of surrounding facts and equitable circumstances, the respondent would not have even overcome the presumption of proof devolving upon her in the usual and ordinary case. Much less has she proved her case in the clear and convincing manner required by law. The rule of proof is one not of words but of substance and must always be kept in mind. Nor are there any equitable circumstances surrounding the case which, in our opinion, would materially substantiate the testimony of the respondent. It is true she and her husband made some improvements on the land, but, as we have seen, their value was less than the rental value for the period they were in possession. Besides, such improvements as they put on the land were made voluntarily and not in compliance with any contract or agreement as to the character or amount thereof. We cannot find any equities in favor of the respondent which, in good conscience, would require us to give her the relief she asks. She has received as much or more than she has given. Possession by her, improvements made by her, and the general conduct of the parties, are as consistent with appellants' version of the matter as with that of the respondent. After all, it comes down to this, that we are not satisfied respondent was to have the rights which she seeks to establish.

It is very sincerely to be hoped that the parties to this action may compose their differences and abide together in harmony on the land, and that the respondent be permitted to spend there the remainder of her days, but no amount of sympathy which we

might have for her would justify us in a clear violation of fundamental rules of law. The judgment is reversed and the case ordered dismissed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.